99 F.3d 1142
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Howard C. MEDLEY, Defendant-Appellant.
 No. 96-1228.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 27, 1996.
Decided Oct. 22, 1996.
Rehearing and Suggestion for Rehearing En Banc Denied Feb. 18, 1997.
 
 Before POSNER, Chief Judge, and WOOD, JR., and CUDAHY, Circuit Judges.
 
 ORDER
 
 1
 In 1989 Howard Medley was convicted of violating 18 U.S.C. § 666. He appealed to this court and the conviction was affirmed. United States v. Medley, 913 F.2d 1248 (7th Cir.1990). After being paroled in 1990 Medley filed a 28 U.S.C. § 2255 motion alleging ineffective assistance of trial counsel. The motion was denied and the denial affirmed on appeal. 1 F.3d 1244 (7th Cir.1992) (unpublished order). In October 1995 Medley filed an amended writ of error coram nobis in the district court based on the City of Chicago's MBE (Minority Business Enterprise) decertification of his firm, claiming that the decertification constituted a civil disability justifying relief. On appeal, challenging the district court's denial of relief, Medley filed a brief raising three issues. The first two issues seek relief premised on the MBE decertification being a civil disability; the third, to reconsider our precedents. The court set this appeal for oral argument on October 22, 1996.
 
 
 2
 The City of Chicago, on August 1, 1996, recertified appellant's business as an MBE firm. The conviction is, therefore, no longer a civil disability in this regard. Appellant now moves to voluntarily dismiss his appeal as to § I and § II of his brief as moot. The motion is granted. The only issue remaining before us is § III, urging us to adopt the Ninth and Fourth Circuit's less restrictive view that adverse collateral consequences which flow from a conviction are a sufficient civil disability to warrant coram nobis relief. However, the restoration of MBE status has rendered this entire appeal moot. The appellant now seeks only reconsideration of our precedents, not substantive relief. As the appellant has withdrawn his first two issues and no longer seeks any monetary or other relief,
 
 
 3
 IT IS ORDERED that oral argument, set for October 22, 1996, is VACATED and the appeal is DISMISSED as MOOT.